UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 19-62196-CIV-ALTMAN

VLADDY'S DIAMOND, INC.,

    *Plaintiff*,

vs.

ADRIAN BRONER,

    *Defendant*.

_____/

### ORDER

**THIS MATTER** comes *sua sponte* before the Court.

### BACKGROUND

Federal Rule of Civil Procedure 4(a) governs the contents of a federal summons and requires that a summons "be signed by the clerk" and "bear the court's seal." FED. R. CIV. P. 4(a)(1)(F)–(G). Rule 4(b), by contrast, governs *the issuance of* a federal summons and provides that, on "or after filing the complaint, the plaintiff may present a summons to the clerk for signature and seal." FED. R. CIV. P. 4(b). Finally, Rule 4(m) requires a plaintiff, within 90 days after filing the complaint, to serve that summons, along with a copy of the complaint, on each defendant. FED. R. CIV. P. 4(m).

The Plaintiff filed its Complaint on September 3, 2019. *See* Complaint [ECF No. 1]. On December 3, 2019—one day *after* the 90-day service deadline had expired—the Court reminded the Plaintiff of its obligation to effectuate service and *sua sponte* extended the service deadline on the Plaintiff's behalf. *See* December 3, 2019, Order [ECF No. 5]. But, the Court warned, "[f]ailure to serve the Defendant will result in dismissal without further notice." *Id.*

On December 5, 2019, the Plaintiff attached a "Proof of Service" document to a docket

entry it labeled "Summons Returned Executed." *See* Proof of Service [ECF No. 9]. In that "Proof of Service," the Plaintiff's process server attests that he "went to Santander Arena . . . to serve a complaint and summons" on the Defendant. *Id.* ¶ 1. But, after setting out his *intention* to serve both the summons and complaint, the process server then describes in only the vaguest terms the "documents" he says he served. *Id.* ¶ 3. Notably, the process server never avers that he served *the summons* on the Defendant.

And it is now clear why: The processs server never actually served the summons on the Defendant. In fact, the Clerk of Court never *issued* any summons at all. The Plaintiff attached no exhibits, cover sheet, or proposed summons to its Complaint. *See* Compl. And, after the Plaintiff finally filed the cover sheet on September 4, 2019, *see* Cover Sheet [ECF No. 4], there is no activity of any kind on the docket until the Court's December 3, 2019 Order requiring proof of service. Specifically, until the Plaintiff filed its "Proof of Service" on December 5, 2019, no summons appears anywhere on the docket. In other words, the "documents" the process server says he served did not include—could not have included—the summons.

## ANALYSIS

District courts have "unquestionable authority" to control their own dockets and may dismiss an action *sua sponte*—provided the Court gives notice to the plaintiff of its intent to dismiss and an opportunity to respond. *See Frank v. Schulson et al.*, No. 18-14779, 2019 WL 3545891, at *1 (11th Cir. Aug. 5, 2019); *see also Dynes v. Army Air Force Exch. Serv.*, 720 F.2d 1495, 1499 (11th Cir. 1983) (holding that dismissal without prejudice for failure to comply with a court order was not an abuse of discretion). Despite the Court's unambiguous instructions, the Plaintiff has failed both to (1) effectuate service within the time prescribed by the Federal Rules and to (2) comply with this Court's orders.

Rule 4(m) requires the Plaintiff to establish "good cause" for this failure. *See* FED. R. CIV. P. 4(m). But the Plaintiff has given no cause—let alone "good cause"—here. Nor could he have. After all, as the Eleventh Circuit has explained, any "reliance on . . . the notion that the court was required to issue the summons to [the Plaintiff] without any action on his part does not amount to good cause, but rather to the sort of inadvertence and negligence that specifically is not good cause for delay." *Pierce v. Kyle*, 445 F. App'x 201, 202 (11th Cir. 2011).[1]

Accordingly, the Court hereby

**ORDERS** that this case is **DISMISSED without prejudice.** The Clerk of Court is directed to **CLOSE** this case. Any pending motions are **DENIED as moot.**

**DONE AND ORDERED** in Fort Lauderdale, Florida this 8th day of January 2020.

          **ROY K. ALTMAN**
          **UNITED STATES DISTRICT JUDGE**

cc:    counsel of record

---

[1] Notably, the five-year statute of limitations for the Plaintiff's breach-of-contract claim has not yet run. *See* Fla. Stat. § 95.11.

3